UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE ASHLEY, as Administrator of the Estate of AMBER ADAMS, deceased, | ) ) ) ) | No. 12 CV 8309 |
| Plaintiff, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| SCHNEIDER NATIONAL CARRIERS, INC., and SHAUN JACKSON, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| JOSEPHY MALY, | ) ) | No. 13 CV 3042 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SCHNEIDER NATIONAL CARRIERS, INC., and SHAUN JACKSON, | ) ) ) | August 28, 2014 |
| Defendants. | ) | |

MEMORANDUM OPINION and ORDER

Plaintiff Catherine Ashley brings this suit under the Illinois Wrongful Death Act, 740 ILCS 180/1, in her capacity as Administrator of the Estate of Amber Adams, against defendants Schneider National Carriers, Inc. ("SNC") and Shaun Jackson (together, "the defendants"). Currently before the court is the defendants' Motion for Entry of HIPAA Order, through which they seek discovery of the medical records of third-party defendant Nicholas Maly. (R. 88.) For the following reasons, the motion is denied:

## Background

According to the complaints filed in these consolidated cases, on April 7, 2012, Amber Adams was riding in the passenger seat of a car, driven by Nicholas Maly, when the car collided with a tractor-trailer that had stopped on the shoulder of Interstate 355 in Illinois. (R. 1, Compl. ¶¶ 12–15.) Adams was killed by the impact. (Id. ¶ 16.) Nicholas's father, Joseph Maly, was also a passenger in the car and was injured in the crash.[1] (R. 27, Ans. to J. Maly Compl. ¶¶ 10, 14.) Ashley brought this wrongful death suit on behalf of Adams's estate against SNC as the owner of the tractor-trailer and Jackson, its driver. Shortly thereafter, Joseph sued SNC and Jackson and the two cases were consolidated. (R. 26.) Post-consolidation, SNC filed a third-party complaint for contribution against Nicholas with respect to Joseph's claims, alleging, among other things, that Nicholas drove the car with intentional, willful, and reckless conduct. (R. 33, Third-Party Compl. ¶ 33.)

On June 10, 2014, the defendants filed the current Motion for Entry of HIPAA Order, seeking to discover the medical records documenting Nicholas's treatment in an emergency room on the day of the accident. (R. 88, Mot. at 3.) Specifically, the motion seeks "any admissible statements Nicholas Maly made to his medical treaters about the facts and causes of the accident during his treatment in the emergency room of Good Samaritan Hospital on April 7, 2012." (Id.) Nicholas opposes the motion, arguing that his medical records are protected under Illinois's physician-patient privilege.

---

[1] To avoid confusion, the court will refer to Nicholas and Joseph Maly by their first names.

## Analysis

The parties' dispute over whether the defendants are entitled to discover Nicholas's medical records turns on the application of Illinois's physician-patient privilege. The parties agree that because this is a diversity case, the court looks to state law to resolve the issue of privilege. *See Dunn v. Washington Cnty. Hosp.*, 429 F.3d 689, 693 (7th Cir. 2005). The Illinois physician-patient privilege is codified in a statute which states that no physician "shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character," subject to certain exceptions. *See* 735 ILCS 5/8–802. The defendants argue that the discovery they seek falls into the fourth statutory exception, which permits a physician to disclose information without the patient's consent "in all actions brought by or against the patient, his or her personal representative, a beneficiary under a policy of insurance, or the executor or administrator of his or her estate wherein the patient's physical or mental condition is an issue." Id. § 5/8-802(4).

In his sur-reply opposing the motion Nicholas points out that the exception for situations where a patient's physical or mental condition is an issue expressly applies only where an action has been brought by, or in his case, against, the patient. (R. 103, Sur-Reply at 2-3.) Nicholas points out that currently pending before the assigned district judge is his Motion for Good Faith Finding, asking the court to approve a settlement with respect to his potential liability to Joseph and to dismiss all claims pending against him. (R. 96.) Because he will no longer be a

party to this action should the district judge grant the motion, Nicholas argues that the issues presented in the current motion will become moot. Illinois case law seems to support his position. In *Reagan v. Searcy*, 323 Ill. App. 3d 393, 396 (5th Dist. 2001), the Illinois Appellate Court determined that the exception the defendants cite here did not apply where the patient was a witness, rather than a party, to the case. The court held that "the fact that [the witness's] medical records may contain relevant evidence is not enough to overcome the privilege that protects the medical records of a nonparty." *Id.* Despite the potential for mootness imposed by the pending Motion for Good Faith Finding, because the parties are toiling under a discovery deadline with respect to medical evidence, and in the interest of providing clarity for the remainder of discovery, the court will resolve the defendants' motion on the merits.

Illinois's physician-patient privilege serves both to encourage free and candid disclosure between a doctor and a patient and to protect the patient from embarrassment and the invasion of privacy associated with disclosure of sensitive medical information. *See LoCoco v. XL Disposal Corp.*, 307 Ill. App. 3d 684, 689 (3d Dist. 1999). In enacting the physician-patient privilege, the Illinois legislature "recognized the patient's interest in maintaining confidentiality in his or her medical dealings with a physician." *People v. Bickham*, 89 Ill. 2d 1, 6 (1982). As with other statutory privileges, the physician-patient privilege represents "a legislative balancing between relationships that society feels should be fostered

through the shield of confidentiality and the interests served by disclosure of the information." *Parkson v. Cent. DuPage Hosp.*, 105 Ill. App. 3d 850, 854 (1982).

The defendants argue that the fourth exception applies to Nicholas's medical records because, according to them, their claim that Nicholas engaged in willful, wanton, and reckless behavior means that his "mental condition is an issue." *See* 735 ILCS 5/8-802(4). They point to evidence that Nicholas was driving at an excessive speed before the accident and speeding tickets Nicholas has received— several post-dating the accident—to argue that they are entitled to get to the bottom of a pattern of behavior they attribute to Nicholas's reckless "mental condition." But the cases they rely on show that the exception's reference to a patient's physical or mental condition refers to something other than a momentary act of recklessness or even a pattern of reckless decisions. For example, they rely principally on *People v. Krause*, 273 Ill. App. 3d 59, 62-63 (3d Dist. 1995), where the Illinois Appellate Court noted that a "patient's mental and physical 'condition' . . . is irrefutably . . . an issue in any prosecution for driving under the influence." There the court found that the defendants' medical records were not privileged because a key question in a criminal prosecution for drunk driving is whether the defendant's mental condition was impaired by alcohol. *Id.* Thus courts have applied the exception in the context of drunk driving cases because the defendant's impaired mental condition caused the reckless behavior or otherwise could impact the patient's "ability to observe and recall events accurately." *See Reagan*, 323 Ill. App. 3d at 397. Here there is no suggestion that Nicholas was driving drunk or

5

otherwise was subject to some independent mental condition that caused him to act recklessly or impaired his ability to recall the events leading up to the crash. In short, the defendants have not provided any theory connecting Nicholas's allegedly reckless driving to a discoverable mental condition as contemplated by the exception on which they rely.

The defendants also argue that Nicholas's mental condition is at issue because he testified during his deposition that he lost consciousness at the moment the car he was driving hit the parked truck. (R. 102, Defs.' Reply ¶ 14.) Specifically, Nicholas testified that "[r]ight at the accident when it happened kind of like my memory blanked out and then right after it happened, a couple seconds or so, I believe, I regained consciousness." (Id. Ex. B, N. Maly Dep. at 41.) The defendants argue that because he lost consciousness and is unable to recall certain details from the accident his mental condition during the crash is relevant to the question of recklessness. (Id., Defs.' Reply ¶ 16.) In support of their position the defendants rely on *People v. Botsis*, 388 Ill. App. 3d 422, 435 (1st Dist. 2009), where the Illinois Appellate Court upheld a lower court's decision to allow discovery of a criminal defendant's medical records under the exception at issue here. But in *Botsis*, the defendant caused a fatal accident after fainting behind the wheel. He was charged with reckless homicide because evidence showed that he had a history of fainting unexpectedly and had ignored his doctors' instructions not to drive. *Id.* at 431. Botsis's physical and mental conditions were at issue because his fainting condition was the cause of the accident, and his doctors' warnings not to drive were

a key underpinning of the recklessness element. *Id.* at 431, 435. Here, by contrast, Nicholas lost consciousness only briefly and only at the moment of the impact. There is no suggestion that any medical record will illuminate Nicholas's alleged decision to speed leading up to the accident or the cause of the accident itself. In other words, the defendants have not shown that Nicholas's momentary black out creates the sort of mental condition that is intended to be carved out under the fourth exception to the physician-patient privilege.

## Conclusion

Because the defendants have not shown that Nicholas's physical or mental condition is an issue in this case within the meaning of 735 ILCS 5/8-802(4), their Motion for Entry of HIPAA Order regarding Nicholas Maly is denied.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**

7